UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHNEA TRAYLOR,** individually,
and on behalf of others similarly
situated,                                               Case No.

              Plaintiff,                      Hon.

vs.

**HABIB RESTAURANT FOOD
GROUP, LLC**, a Michigan Limited
Liability Corporation, **H & B
RESTAURANT GROUP, LLC**, a
Michigan Limited Liability Corporation,
**BELAL RESTAURANT
VENTURES, LLC**, a Michigan
Limited Liability Corporation and
**HABIB BAYDOUN**, an individual,

              Defendants.

---

## PLAINTIFF'S COLLECTIVE ACTION
## COMPLAINT AND JURY DEMAND

Plaintiff, Johnea Traylor ("Plaintiff"), individually, and on behalf of others

similarly situated, brings this lawsuit against Defendants Habib Restaurant Food

Group, LLC (doing business as Leftys Cheesesteak Romulus) (hereinafter "Lefty's

Romulus"), H & B Restaurant Group, LLC (doing business as Leftys Cheesesteak

Flat Rock) (hereinafter "Lefty's Flat Rock"), Belal Restaurant Ventures, LLC (doing

business as Leftys Cheesesteak Plymouth) (hereinafter "Lefty's Plymouth"), (and

Habib Baydoun (collectively "Defendants"), for unpaid wages and seeks all

1

available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., as well as all available relief under Michigan's conversion statute, M.C.L .§ 600.2919a, and all available relief under common law breach of contract or (alternatively) unjust enrichment.

## INTRODUCTION

1.     During the past three years, Plaintiff, and other similarly situated individuals, worked in Defendants' Lefty's Cheesesteak restaurants as hourly employees who were responsible for "front-of-the-house" restaurant activities, such as serving food and beverages to customers, operating the cash register, stocking condiments, and cleaning.  Other individuals similarly situated to Plaintiff for purposes of this Complaint worked in Defendants' Lefty's Cheesesteak restaurants as "back-of-the-house" employees performing tasks such as cooking and dishwashing. Collectively, these similarly situated employees are referred to herein as "hourly employees."

2.     At all relevant times, Plaintiff, and other similarly situated hourly employees, were paid by Defendants on a fixed hourly wage, but also received tips from customers of Defendants' restaurants. Customers had the option to give hourly employees tips by way of a tip jar next to the cash register or by credit card.

3.     All of Defendants' hourly employees performed many of the same day-to-day job duties, and all participated together in a tip-pool.

2

4.     In violation of the FLSA, Defendants maintained an enterprise-wide policy of confiscating a portion of the credit card tips received by hourly employees and using those tips to finance business operations or for their own personal economic gain.

5.     Additionally, as discussed herein, Defendants maintained a policy and practice of not compensating its hourly employees for all hours worked.

6.     Considering the express language of the FLSA and the abundance of guidance from the United States Department of Labor, there is no legitimate question that Defendants knowingly and willfully violated the FLSA.

7.     Further, as it pertains to the failure to pay for all hours worked, Defendants affirmatively initiated an unlawful rounding policy that consistently resulted in employees losing time and never resulted in them gaining time.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's FLSA claim raises a federal question under 29 U.S.C. § 201, *et seq*.

9.     Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

10.     Defendants' annual sales exceed $500,000.00, and Defendants employ more than two persons, so the FLSA applies in this case on an enterprise basis.

11.     Defendants' hourly employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

12.     This Court has personal jurisdiction over Defendants because Defendants conduct business and are headquartered in this State and District, had systematic and continuous ties with this State and District, and had agents and representatives in this State and District. Thus, Defendants have sufficient minimum contacts with or otherwise purposefully avail themselves of the markets in this State and District, or otherwise have sufficient contacts with this District to justify them being fairly brought into court in this State and District.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d) because Plaintiff and Class members worked and were paid in this District and the obligations, liabilities, and breaches complained of herein arose or occurred in this District. Defendants own, operate, and/or maintain restaurants, transacts business, and employ workers in this District, or otherwise are found within this District. Defendants are within the jurisdiction of this Court for purpose of service of process.

## THE PARTIES

14.     Plaintiff is domiciled in Michigan and was employed by Defendants as a server at their Romulus Lefty's Cheesesteak restaurant within the past two years.

4

She earned an hourly wage, plus tips. Her current hourly wage is $14.00 per hour. She has filed a consent to join this collective action, attached hereto as Exhibit 1.

15.    Defendant Lefty's Romulus is a Michigan limited liability company registered with the Michigan Department of Licensing and Regulatory Affairs and located at 8320 Merriman Road, Romulus, Michigan 48174.  Lefty's Romulus maintains a registered office address of 22100 West Road, Woodhaven, Michigan 48183. Lefty's Romulus operates under the assumed name of "Leftys Cheesesteak Romulus," which is registered with LARA (Identification #802487405).

16.    Defendant Lefty's Flat Rock is a Michigan limited liability company registered with the Michigan Department of Licensing and Regulatory Affairs and located at 26324 Wilson Drive, Dearborn Heights, Michigan 48127.  Lefty's Flat Rock maintains a registered office address of 22100 West Road, Woodhaven, Michigan 48183. Lefty's Flat Rock operates under the assumed name of "Leftys Cheesesteak Flat Rock," which is registered with LARA (Identification #802450536).

17.    Defendant Lefty's Plymouth is a Michigan limited liability company registered with the Michigan Department of Licensing and Regulatory Affairs and located at 8320 Merriman Road, Romulus, Michigan 48174.  Lefty's Plymouth maintains a registered office address of 22100 West Road, Woodhaven, Michigan 48183. Lefty's Plymouth operates under the assumed name of "Leftys Cheesesteak

5

Plymouth," which is registered with LARA (Identification #802518724).

18.     Each of the above referenced "Lefty's" are franchises of Lefty's corporation, which sells food and beverages to the public.[1]

19.     Defendant Habib Baydoun is the owner, organizer, operator, and registered agent of Lefty's Romulus, Lefty's Flat Rock, and Lefty's Plymouth.  He is ultimately responsible (in whole or in part) for the day-to-day running of all material business operations for each of the Defendant franchises he owns, including the hiring/firing of staff, training of employees, the development and implementation of company policies and practices, and determining the compensation policies for employees of the franchises he owns.

## JOINT EMPLOYER ALLEGATIONS

20.     Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

21.     The definition of "employer" under the FLSA is not limited to the common law concept of "employer," and is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes. *Real v. Driscoll Strawberry Assocs.*, 603 F.2d 748, 754 (9th Cir. 1979).

22.     Congress defined "employee" as "any individual employed by an

---

[1] *See,* www.eatleftys.com (last visited on November 2, 2022).

employer," 29 U.S.C. § 203(e)(1), describing this language as "the broadest definition that has ever been included in any one act." *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (*quoting* 81 Cong. Rec. 7657 (1937) (statement of Sen. Hugo Black)); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 300 n.21 (1985) (same).

23.     The determination of whether an employer-employee relationship exists does not depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947). The touchstone is "economic reality." *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 33 (1961).

24.     Two or more employers may jointly employ someone for purposes of the FLSA. *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

25.     All joint employers are individually responsible for compliance with the FLSA. 29 C.F.R. § 791.2(a) (1981).

26.     Regulations issued by the Department of Labor give the following examples of joint employment situations:

> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b) (footnotes omitted).

27.     The ultimate question of whether a party is an "employer" is a legal issue. *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469–70 (9th Cir. 1983). The ultimate determination must be based "upon the circumstances of the whole activity." *Id*. at 1470 (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947).

28.     At all relevant times, Defendants controlled the rate and method of payment for the employees (including front and back of the house employees); controlled and dictated their schedule and job duties; and otherwise, exercised control, input, and responsibility for the work hours, compensation and pay policies at issue in this case. Thus, all Defendants meet the test for joint employer.

29.     Whether employers, or joint employers, each Defendant is nevertheless liable for the wage violations pleaded in this Complaint. *Falk*, supra; 29 C.F.R. § 791.2(a).

30.     At all times herein mentioned, Defendants' acts and omissions proximately caused the complaints, injuries, and damages alleged herein.

## COMMON ENTERPRISE ALLEGATIONS

31.     The FLSA provides, in relevant part, that the term, "[e]nterprise means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all activities

8

whether performed in one or more establishments ...." 29 U.S.C. § 203®.

32.     The three elements to be satisfied are: (1) related activities, (2) unified operation or common control, and (3) common business purpose. See *Brennan v. Arnheim & Neely*, 410 U.S. 512, 518, 93 S.Ct. 1138, 35 L.Ed.2d 463 (1973).

33.     The Defendants meet all three elements.

34.     Related activities are those which are "the same or similar," S.Rep. No. 145, [8]7th Cong.· 1st Sess. 41, reprinted in 1960 U.S.Code Cong. & Ad. News 1620, or are "auxiliary or service activities." 29 C.F.R. § 779.206(a) (quoting id.). Auxiliary and service activities include generally "all activities which are necessary to the operation and maintenance of the particular business," such as warehousing, bookkeeping, or advertising. *Id.*; *see also id.* at § 779.208. When different business entities are involved, the critical inquiry is whether there is " 'operational interdependence in fact.' " *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 [(1]1th Cir.1984) (*quoting Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362, 1367 [(5]th Cir.1973)). Entities which provide mutually supportive services to the substa[n]tial advantage of each entity are operationally interdependent and may be treated as a single enterprise under the Act. *Dole v. Odd Fellows Home Endowment Bd.*, 912 F.2d 689, 692–93 [(4]th Cir.1990).

35.     In the present case, Defendants are operationally interdependent because they share ownership, management, employees, and employment policies.

36.     The Secretary's regulations define "unified operation" as "combining, uniting, or organizing [related activit'es'] performance so that they are in effect a single business unit or an organized business system which is an economic unit directed to the accomplishment of a common business purpose." 29 C.F.R. § 779.217. "Control" is the power to "direct, restrict, regulate, govern, or administer the performance" of the related activities, and "common control" exists "where the performance of the described activities are controlled by one person or by a number of persons, corporations, or other organizational units acting together." *Id*. § 770.221.

37.     As explained herein, the Defendants maintain a unified operation with common ownership and control of each restaurant. Further, the Defendants maintain the power to direct, restrict, regulate, govern or administer the performance of all hourly employees' work activities at its restaurants. Additionally, Defendants maintain the power to hire, discipline, and fire the employees (including managers and all hourly employees) of its restaurants. Finally, as it pertains to this case, Defendants dictate the compensation policies and procedures of the hourly employees at their restaurants.

38.     "'Common control' may exist … despite the separate management of the individual establishments." *Dole v. Bishop*, 740 F.Supp. 1221, 1225 (S.D.Miss.1990) (citing *Shultz v. Morris*, 315 F.Supp. 558, 564 (M.D.Ala.1970),

10

*aff'd sub nom.*, *Hodgson v. Morris*, 437 F.2d 896 (5th Cir.1971)).

39.    Finally, obviously enough, the Defendants all share in the common business purpose of advancing and growing their restaurants.

## FACTUAL ALLEGATIONS

40.    Defendants are aware that Plaintiff and all other hourly employees routinely receive more than $30.00 per month in tips.

41.    Defendants issue Plaintiff and other hourly employees paychecks for their hourly wages on a bi-weekly basis. These paychecks do not reflect the receipt of any tips.

42.    Additionally, Defendants issue Plaintiff and other hourly employees a personal check for tips received during the pay period. These personal checks show no federal or state income withholdings. However, most relevant to this case, the personal checks issued to Plaintiff and the other hourly employees did not reflect the full amount of tips actually received.

43.    Instead, Defendants retained a portion of the hourly employees' tips (including Plaintiff's) to finance various business operations or for the personal economic gain of the restaurant ownership.

44.    Defendants utilized a tip pool, in which all employees (front and back of the house) share in the tips received.

45.    On several occasions, Plaintiff confronted management regarding the

11

methodology for how the tips were split amongst the employees. The response she received was that tips were divided each day based upon the number of hours each employee worked that day.

46.     Additionally, as it pertains to the hours worked by hourly employees, Defendants maintained an unlawful rounding policy that rounded the employees time backwards to the nearest hour, but never forward to the nearest hour.

47.     This unlawful rounding policy was never agreed to by Plaintiffs or the other hourly employees.

**Exemplary Pay Period**
**August 29, 2022 to September 11, 2022**

48.     During this pay period, according to Defendants' electronic time records, Plaintiff worked 56.95 hours.  However, her pay statement for this pay period only provided her with compensation for 56 hours.  In other words, Defendants unlawfully rounded off 57 minutes of Plaintiff's compensation.

49.     On September 16, 2022, Defendants issued Plaintiff a paycheck in the amount of $662.11. As stated above, the check inaccurately reflected 56 hours worked at a rate of $14.00 per hour. The check also disclosed withholdings for state and federal taxes.

50.     Three days later, on September 19, 2022, Defendants issued Plaintiff a personal check in the amount of $148.00 for "tips" received from August 29, 2022 to September 11, 2022. This check reflected credit card tips only, as cash tips are

divided by the employees at the conclusion of every employee's shift.

51.     At best, the $148.00 received for credit card tips represents about half of the tips Plaintiff should have received if the Defendants truly divided the tips based on the number of hours worked by each employee during each day.

52.     Defendants maintain computerized records that reflect the total amount of credit card tips received each day. Additionally, Defendants maintain computerized schedules that reflect the punch in and out times for each employee. These records to not reconcile with the amounts received by Plaintiff in her "tip" checks.

53.     The personal "tip" checks were consistently deficient.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> All current and former hourly employees (front and back of the house employees) who were employed at any of Defendants' Leftys restaurants at any time within three years of the filing of this complaint.

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

55.     Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other similarly situated employees.

56.     Consistent with Defendants' policy and pattern or practice, Plaintiff and

the other members of the FLSA Collective were unlawfully deprived of their tips by Defendants.

57.     The tips that Plaintiff and the FLSA Collective received were their property and Defendants unlawfully confiscated such tips, in violation of the FLSA.

58.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members. This policy and pattern or practice includes, but is not limited to, confiscating the FLSA Collective's tips.

59.     Defendants are aware or should have been aware that federal law required them to allow the FLSA Collective to retain their tips and prohibited Defendants from confiscating the tips under any circumstances.

60.     Defendants failed to properly maintain payroll records pertaining to the FLSA Collective under the FLSA, 29 U.S.C. 211(c).

61.     Defendants' unlawful conduct was widespread, repeated, and consistent.

62.     A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar

14

positions by the same employers; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

63.     The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issue – tip theft – does not vary substantially among the proposed FLSA Collective members.

64.     There are many similarly situated current and former employees who were underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

65.     This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. 216(b).

66.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## RULE 23 CLASS ACTION ALLEGATIONS

67.      Plaintiff brings this action pursuant to Federal Rule of Civil Procedure, Rule 23(b)(3), on her own behalf and on behalf of all similarly situated current and former employees of Defendants who are or were employed at any time in the last three years. Plaintiff proposes the following class definition:

> All current and former hourly employees (front and back of the house employees) who were employed at any of Defendants' Leftys

restaurants at any time within three years of the filing of this complaint.
(hereinafter referred to as the "Rule 23 Class"). Plaintiff reserves the right to amend
this definition if necessary.

68.     The members of the Rule 23 Class are so numerous that joinder of all
Rule 23 Class members in this case would be impractical.  Rule 23 Class members
should be easy to identify from Defendants' computer systems and electronic payroll
and personnel records.

69.     There is a well-defined community of interests among Rule 23 Class
members and common questions of law and fact predominate in this action over any
questions affecting individual members of the Rule 23 Class.  These common legal
and factual questions, include, but are not limited to, whether Defendants unlawfully
converted the Rule 23 Class members' tips and whether Defendants unlawfully
rounded their time.

70.     Plaintiff's claims are typical of those of the Rule 23 Class in that she
and all other Rule 23 Class members suffered damages as a direct and proximate
result of the Defendants' common and systemic payroll policies and practices.
Plaintiff's claims arise from the same pay policies, practices, promises and course
of conduct as all other Rule 23 Class members' claims and her legal theories are
based on the same legal theories as all other Rule 23 Class members.

71.     Plaintiff will fully and adequately protect the interests of the Rule 23

Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of Michigan wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

72.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

73.    This case will be manageable as a Rule 23 Class action.  Plaintiff and her counsel know of no unusual difficulties in this case and Defendants have advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

74.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

75.    Because Defendants have acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with

17

respect to the Rule 23 Michigan Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### (29 U.S.C. § 216(b) Collective Action)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*
### UNLAWFUL RETENTION OF EMPLOYEES' GRATUITIES/TIPS

76.     Plaintiff hereby incorporates all preceding paragraphs.

77.     At, all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

78.     At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

79.     Plaintiff was either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

80.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" her within the meaning of 29 U.S.C. § 203(g) of the FLSA.

81.     At all times relevant to this Complaint, as stated above, Defendants were "joint employers" of Plaintiff and all similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

82.     The FLSA, Section 203(m)(2)(B), provides:

**An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

29 U.S.C. § 203(m) (emphasis added).

83.     Gratuities/tips are the property of the employee, even when the employer has not taken a tip credit.

**Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA**. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.

29 C.F.R. § 531.52 (emphasis added).

84.     The  FLSA, Section 216(b), provides employees with a private right of action against their employers for violating these tip-pooling laws:

**Any employer who violates section 3(m)(2)(B) [29 USC § 203(m)(2)(B)] shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages**.

29 U.S.C. § 216(b) (emphasis added).

85.     Defendants violated the FLSA by illegally confiscating the tips received by the hourly employees in its restaurants.

86.     As a result, Defendants failed and/or refused to pay Plaintiff the full

compensation required by the FLSA, in violation of 29 U.S.C. § 203(m).

87.    29 U.S.C. § 211(c) provides in pertinent part:

(c)    Records

Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

88.    29 C.F.R.§ 516.2(a) and 29 C.F.R.§ 516.28 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total daily and weekly hours worked by each employee, the amount of tips reported to the employer, the amount of tips received by the employees, and any additions or deductions from wages paid.

89.    To the extent Defendants failed to maintain all records required by the aforementioned statutes and regulations, Defendants also violated the aforementioned laws causing Plaintiff damage.

90.    Defendants knew – or acted with reckless disregard as to whether – the retention of their employees' tips would violate federal law and Defendants were on notice of the FLSA's requirements at all relevant times.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

20

91.    Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

92.    Plaintiff is therefore entitled to the full amount of their unlawfully retained tips, plus additional amounts for liquidated damages, reasonable attorneys' fees, and costs. 29 U.S.C. § 216(b).

## COUNT II
### (Rule 23 Class Action)
## STATUTORY CONVERSION
### MCL 600.2919a

93.    Plaintiff hereby incorporates all preceding paragraphs.

94.    Michigan provides a statutory remedy for conversion in MCL 600.2919a.

95.    The remedies available under Michigan's conversion statute exceed those available under the FLSA in that a plaintiff may "recover 3 times the amount of actual damages sustained." MCL 600.2919a (1).

96.    Further, the statute expressly states that "[t]he remedy provision by this section is in addition to any other right or remedy the person may have at law or otherwise."

97.    Michigan's conversion statute makes unlawful the "stealing or embezzling of [another's] property or converting [another's] property to the other person's own use."  MCL 600.2919a (1)(a).

98.    The tips Plaintiff and the Rule 23 Class received were their property.

99.    Defendants converted Plaintiff and the Rule 23 Class's property by confiscating it and then using it to purchase items for the advancement and maintenance of Defendants' business.

100.   The property converted by Defendants (the tips) is easily identifiably through Defendants food sales records and credit card transaction receipts.

### COUNT III
### (Rule 23 Class Action)
### COMMON LAW BREACH OF CONTRACT

101.   Plaintiff incorporates all other paragraphs stated herein.

102.   At all times relevant to this action, Defendants had a binding and valid contract with Plaintiff and every other Rule 23 Class member to pay each employee for each hour they worked at a pre-established (contractual) regular hourly rate in consideration of the work duties Plaintiff and the Rule 23 Class members performed on Defendant's behalf.

103.   This Count does not seek to collect overtime wages (covered by the FLSA). Instead, this Count seeks compensation only for non-overtime hours worked, but not paid as promised by Defendant.

104.   The contract between the Rule 23 Class members (including Plaintiff) is not based solely on the basic nation of the employment relationship, but instead, based on the affirmative contractual representations and promises made by Defendants that all Rule 23 Class members would be paid at a specified rate for all

hours worked.

105.   Defendant made these affirmative contractual representations and promises to pay the Rule 23 Class for all hours worked in writing (e.g. via offer letters, job postings, etc.).   These documents are in Defendant's possession. Additionally, throughout the employment of the Rule 23 Class, Defendant made contractual verbal representations and promises to pay Plaintiff and the Rule 23 Class members for all hours worked at their specified hourly rates.

106.   For example, Defendants promised to pay Plaintiff $14.00 per hour for each hour worked. Plaintiff accepted that offer and performed the work requested of a front of the house employee. However, Defendant breached the agreement when it failed to pay Plaintiff for all the time she spent working at the agreed upon hourly rate.

107.   An oral employment agreement existed between Defendants and Plaintiff (along with all other hourly employees) to pay them for all hours worked at their agreed upon regular rate, which was greater than the applicable state and federal minimum wage rates.

108.   Defendants' contractual promises to pay Plaintiff and the Rule 23 Class members' applicable hourly rate is evidenced by, among other things, each pay statement issued to Plaintiff and the Rule 23 Class members.

109.   Plaintiff and every other Rule 23 Class member accepted the terms of

Defendants' contractual promises and performed under the contract by doing their jobs as hourly employees and carrying out the work they performed each shift that was required of them, and that was accepted by Defendants.

110.   By not paying Plaintiff and every other Rule 23 Class member the agreed upon hourly wage for the work they performed each shift, Defendants systematically breached their contractual obligations with Plaintiff and each member of the Rule 23 Class.

111.   As a direct and proximate result of Defendants' contractual breaches, Plaintiff and every other member of the Rule 23 Class have been damaged in an amount to be determined at trial.

## COUNT IV
### (Rule 23 Class Action)
### UNJUST ENRICHMENT

112.   Plaintiff incorporates all other paragraphs stated herein.

113.   This Count is pled in the alternative to Count III, supra, pursuant to Fed. R. Civ. P. 8(d)(2)-(3).

114.   This Count is only applicable in the event the Court determines that a binding and valid contract did not exist between Defendants and the Rule 23 Class, as alleged in Count III.

115.   This Count does not seek to collect unpaid wages, or any other wage recoverable by statute, but instead, seeks to recover unpaid straight time wages in

workweeks where Plaintiff and the Rule 23 Class members worked less than forty (40) hours in the workweek.

116.   At all times relevant to this action, Defendant promised Plaintiff and every Rule 23 Class member a pre-established regular hourly rate in consideration of the work duties Plaintiff and the Rule 23 Class members performed for the benefit of Defendant.

117.   Plaintiff and every other Rule 23 Class member relied upon Defendants' promise for the pre-established regular hourly rate and performed by doing their jobs as hourly employees and carrying out their required work duties.

118.   By not paying Plaintiff and every other Rule 23 Class member the agreed upon hourly wage for the off-the-clock work they performed each shift, Defendants were unjustly enriched.

119.   Plaintiff and the Rule 23 Class members performed their work tasks at the request of and without objection by Defendant.

120.   Defendant received and accepted the above-referenced work services from Plaintiff and every other Rule 23 Class member and enjoyed the benefits derived therefrom.

121.   Upon information and belief, Defendants used the monies owed to Plaintiff and every other Rule 23 Class member to finance their various business ventures or pay their equity owners.

122.   Defendants have been unjustly enriched by the retention of monies received pursuant to the services Plaintiff and the Rule 23 Class performed for Defendants' benefit, without having compensated Plaintiff and the Rule 23 Class for the same.

123.   Plaintiff and the Rule 23 Class suffered detriment due to Defendants' failure to compensate them for all hours worked, in that Plaintiff and the Rule 23 Class were deprived of the ability to utilize that time, effort and their resources in a profitable manner.

124.   As a direct and proximate result of Defendants' actions, Plaintiff and every other Rule 23 Class member suffered damages, including but not limited to, loss of wages.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

a.   An Order conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b.   An Order certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's claims for conversion, breach of contract, and unjust enrichment (Counts II-III);

c.   An Order compelling Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all proposed FLSA Collective members and Rule 23 Class members, and authorizing Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice

in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d.      An Order designating the Plaintiff as representative of the FLSA Collective and the Rule 23 Class, and undersigned counsel as Class counsel for the same;

e.      An Order declaring Defendants violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f.      An Order declaring Defendants' violations of the FLSA were willful;

g.      An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff, the FLSA Collective and the Rule 23 Class the full amount of damages, liquidated damages, and treble damages available by law;

h.      An Order awarding treble damages, pursuant to MCL 600.2919a;

i.      An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

j.      An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

k.      An Order awarding such other and further relief as this Court deems appropriate.

## **<u>JURY DEMAND</u>**

Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: November 9, 2022                Respectfully Submitted,

*s/ Gerald D. Wahl*
**STERLING ATTORNEYS AT LAW, P.C.**
Gerald D. Wahl (P26511)
33 Bloomfield Hills Pkwy, Ste. 205
Bloomfield Hills, MI 48304-2913
Phone: 248-633-8916
gwahl@sterlingattorneys.com

**ASH LAW, PLLC**
Charles R. Ash, IV (P73877)
402 W. Liberty St.
Ann Arbor, MI 48178
Phone: 734-234-5583
cash@nationalwagelaw.com

## CERTIFICATE OF SERVICE

I certify that on November 9, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*s/ Gerald D. Wahl*
Gerald D. Wahl (P26511)